Curran, Dennis J., J.
Introduction
In this collection matter, the Reading Co-Operative Bank alleges that it loaned $2.5 million to Livingston Place, LLC on December 21, 2005, memorialized by a revolving line of credit promissory note, a construction loan agreement executed by Livingston’s manager, Maurice E. Needham, Jr., and his own personal unlimited guaraniy.
Less than three years later, both Livingston Place, LLC and Mr. Needham defaulted on the note, leaving Reading in the position of trying to salvage its significant loss by a forbearance agreement in 2008. Both Mr. Needham and Livingston, LLC also failed to honor that agreement. The bank alleges that it is now owed over $1.3 million in principal, over $600,000 in interest, late charges of at least $235,000, and legal and other fees of at least $35,000, for a total obligation of over $2.1 million.
After the failure of Mr. Needham and Livingston to comply with the forbearance agreement, the bank sued Needham individually and various reach-and-apply defendants, including, for purposes of this decision, A.S.I. Really, Inc. and Mart Management, Inc. Both defendants have moved to dismiss, claiming that Massachusetts lacks jurisdiction because as New Hampshire corporations, they never conducted business here. After reviewing the defendants’ motion papers, the bank’s extensive opposition documentation, and a hearing, the motion to dismiss of the reach-and-apply defendants A.S.I. Realty, Inc. and Mart Management, Inc. must be DENIED.
DISCUSSION
Personal jurisdiction over a foreign corporation may be found in G.L.c. 223A, sections (a), (b) and (c). The analysis must be fact-specific and the result consistent with due process principles.
We examine the facts separately as to A.S.I. Realty, Inc. and Mart Management, Inc.
A.S.I. Realty Trust, Inc.
On March 18, 2002, A.S.I. Realty, Inc. entered into a loan agreement with BankNorth N.A. in which it agreed to submit to Massachusetts jurisdiction. (See section 2.9.4, appearing on page 10 of that agreement.)
Second, Mr. Needham has, and has had for some time, both a legal and beneficial interest in A.S.I. Realty, Inc. and indeed, listed those interests in the very loan documents he submitted to the bank to induce it to loan monies to Livingston. Those documents included two personal financial statements signed on May 5, 2008 and June 11, 2008 in which he listed a 50% ownership interest in A.S.I. Realty, Inc. (See Exhibits “A” and “B”, Schedule 3, attached to the Plaintiffs Opposition Memorandum). Moreover, Mr. Needham was one of only two of A.S.I.’s officers and directors. (See Exhibits “C” through “J.”)
Third, A.S.I. filed an Annual Report in 2011 with New Hampshire’s Secretary of State in which it twice listed a Massachusetts locus as the corporation’s business address: “Mauiy Needham, Box 986, Lynnfield, MA 01940.” (See Exhibit “J.”)
As A.S.I. Realty, Inc.’s corporate officer and director, Mr. Needham was most assuredly its agent, thus triggering jurisdiction under G.L.c. 223A, section 3.
These reasons amply support the application of Massachusetts jurisdiction as to this reach-and-apply defendant.
*176 Mart Management, Inc.
Mart Management, Inc. is also subject to Massachusetts jurisdiction for at least seven reasons:
1. On May 30, 2007, Mart Management, Inc. listed its business address as “80 Bridge Street, Manchester, MA 01944." (See Exhibit “N,” page 1.)
2. On December 23, 2009, Mart Management, Inc. three times listed its address as “80 Bridge Street, Manchester, MA.” (See Exhibit “0,” page 1, Exhibit “P,” page 1, and Exhibit “Q,” page 1.)
3. On December 30, 2009, Mart Management, Inc. twice listed itself as having an address of “80-84 Bridge Street, Manchester, MAO 1944, Attn: Maurice E. Need-ham, President.” (See Exhibit “K," page 27, Schedule 2, and Exhibit “L,” page 1.)
4. Mart Management, Inc. required that any legal notices be directed to that Manchester,.Massachusetts address. (See Exhibit “K,” page 27.)
5. On August 24, 2011, Mart identified itself as a “New Hampshire corporation”, but again chose to list its contact address as “80-84 Bridge Street, Manchester, MA 01944ATTN. Maurice E. Needham, President.” (See Exhibit “M.’j
6. In certain loan documents in which it was listed as the contact point for another borrower entity associated with Mr. Needham, Mart detailed its business address as in Manchester, Massachusetts. (See Exhibit “N,” section 1.1, page 1.)
7. For three years, 2006 through 2008, Mart Management, Inc. filed Annual Reports with the New Hampshire Secretary of State which listed Mr. Need-ham as its only officer and director. (See Exhibits “U,” “V,” “W,” and “X.’j Moreover, for each of those three years, those Annual Reports listed Mart’s corporate mailing and business address as based in Massachusetts: “Maurice E. Needham, Jr., P.O. Box 689, Lynnfield, MA 01940.”[1]
The legal conclusion as to both defendants rests neither on a “physical presence” nor “a few acts” such as a fax and a few telephone calls (see e.g., Ealing Corporation v. Harrods, Ltd., 790 F.2d 978, 983 (1st Cir. 1980). Rather, Massachusetts is an appropriate forum because the very assets which Mr. Needham listed and on which he obtained the bank loan rested upon documents he provided to the bank and because those documents repeatedly spelled out his business address in Manchester or Lynnfield, Massachusetts.
Mr. Needham induced the Reading Co-Operative Bank to loan, continue to loan, and forbear on that loan through systematic filings demonstrating his ownership and corporate management in A.S.I. Realty, Inc. Similarly, Mr. Needham’s Mart Management, Inc. repeatedly chose to list Massachusetts addresses as its corporation’s contact point.
There are fifty states in the union. Each reach-and-apply defendant corporation, although initially deciding to incorporate in New Hampshire, later chose— casually or deliberately (it matters not which) — a Massachusetts locus as its “contact” point. Such a choice — freely made — provides persuasive evidence that both A.S.I. Realty, Inc. and Mart Management, Inc. have subjected themselves to Massachusetts jurisdiction.
Given the facts developed above, the due process considerations of relatedness, purposeful availment and reasonableness are well-satisfied and warrant no discrete inquiry.
G.L.c. 223A section 3 is satisfied; Massachusetts jurisdiction attaches; and the motion to dismiss must be DENIED.
ORDER
For the foregoing reasons, the reach-and-apply defendants A.S.I. Realty, Inc. and Mart Management, Inc.’s motion to dismiss is hereby DENIED.

 In a fourth year, 2009, Mart Management, Inc.’s Annual Report listed Mr. Needham, with the same address of P.O. Box 986, but curiously listed the city or town as “Lynnfield, NH." There is no Lynnfield, New Hampshire. See www.nh.gov.com. This appears to be a typographical error. Thus, Mart likely intended its corporate mailing address for 2009 to be in Massachusetts as well.